UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EATERN DIVISION

BRIDGE, STRUCTURAL AND REINFORCING )
IRON WORKERS LOCAL NO. 1 )
 )
          Plaintiff, )
 )
v. )
 )
WELD-CRAFT, LTD. )
 )
          Defendant. )

```
FILED: JUNE 19 , 2008
08CV3514
JUDGE NORGLE
MAGISTRATE JUDGE COLE
AEE
```
CIVIL ACTION

# COMPLAINT

Plaintiffs, BRIDGE, STRUCTURAL AND REINFORCING IRON WORKERS LOCAL NO. 1. (hereinafter LOCAL 1), by their attorneys, FRANK A. MARCO, and the law firm of GREGORIO & ASSOCIATES, complain of the Defendant WELD-CRAFT. LTD. and allege as follows:

1. The Court has jurisdiction over this matter and venue is proper pursuant to §301 of the Labor-Management Relations Act, 29 U.S.C. §185(a) and (c).

2. LOCAL 1 is a "labor organization" within the meaning of 29 U.S.C. §152(5) and maintains its principal place of business within this district.

3. WELD-CRAFT, LTD. transacted business within this state and district and is an "employer" within the meaning of 29 U.S.C. §152(2).

4. WELD-CRAFT, LTD. entered into a Collective Bargaining Agreement with LOCAL 1 on April 19, 2005 whereby WELD-CRAFT, LTD. agreed to be bound by the terms of the Collective Bargaining Agreement ("CBA"). Attached as Exhibit A.

5. LOCAL 1 informed the Company that it had violated various provisions of the CBA in connection with work performed at a jobsite located at 3500 North Lincoln Avenue, in Chicago, Illinois, and that the dispute was to be arbitrated pursuant to the terms of the CBA.

6.      The Union notified the Employer that a hearing before the Associated Steel Erectors of Chicago/ Iron Workers Local No. 1 Joint Arbitration Board was set for December 4, 2007.

7.      The hearing before the Joint Arbitration Board ("JAB") was held and was attended by representatives of LOCAL 1 and from WELD-CRAFT, LTD.

8.      Following the presentation of evidence, the JAB rendered its award, and subsequently issued a written decision, a copy of which is attached as Exhibit B.

9.      The JAB found that the Employer had committed substantial violations of the CBA by disregarding the CBA in the employment process and by failing to pay the proper wages and benefits due on the project. As a result, the Employer was fined $10,700.02 and ordered to obtain a Wage and Welfare bond in the amount of $20,000.00.

10.     LOCAL 1 notified WELD-CRAFT, LTD. of the Award and provided WELD-CRAFT, LTD. with a copy of the written decision issued by the JAB.

11.     WELD-CRAFT, LTD. received the Decision and Award and entered into a payment plan to pay the Award. Attached as Exhibit C.

12.     WELD-CRAFT, LTD. paid only $1,000.00 on the Award and did not comply with the terms of the payment plan.

13.     WELD-CRAFT LTD.'s failure to comply with the arbitration award is a breach of the Labor Agreement.

WHEREFORE, LOCAL 1 respectfully asks that judgment be entered against WELD-CRAFT, LTD. as follows:

(1) Ordering it to comply with the arbitration award by paying $8,931.83 in wages and fringe benefits;

(2) Ordering it to comply with the arbitration award by paying $786.37 in penalties and damages for its violation of Section 1 of the CBA;

(3) Ordering it to comply with the arbitration award by requiring WELD-CRAFT, LTD. to obtain a Wage and Welfare Bond in the amount of $20,000.00 or deposit a minimum of $20,000.00 with the Fund Disbursement Office in lieu of a bond;

(4) Ordering it to comply with the arbitration award by paying interest on that amount;

(5) Ordering it to comply with the arbitration award by reimbursing the Union and Funds for all legal fees and costs incurred in this suit; and

(6) Granting such other relief as the Court deems just and proper.


Respectfully Submitted:


BY:   s/ Frank A. Marco
      FRANK A. MARCO

Frank A. Marco
ARDC #: 6205057
Gregorio & Associates
Attorney for Plaintiffs
2 North LaSalle Street
Chicago, IL 60602
(312) 263-2343

08CV3514
JUDGE NORGLE
MAGISTRATE JUDGE COLE

AEE

Sent By: IRON WORKERS LOCAL 1;    7083666695;    Apr-19-06  3:00PM;    Page 2

JAMES M. GARDINER
Financial Secretary/Treasurer

JAMES J. CROWLEY, JR.
Recording Secretary

ROBERT R. DOSKOVICH
President/BM

MICHAEL ROTKVICH
Vice-President

CRAIG A. SATALIC, Business Agent

DANNY CALIENDO, Business Agent

TED T. TRZASKOWSKI, Business Agent

# BRIDGE, STRUCTURAL and REINFORCING IRON WORKERS
## LOCAL UNION #1

*of International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers*



7720 Industrial Drive
Forest Park, IL 60130
Chicago Phone (773) 921-2010
Forest Park Phone (708) 366-4891
Fax (708) 366-4892

Affiliated with AFL-CIO

### COMPLIANCE AGREEMENT
IT IS HEREBY STIPULATED AND AGREED
by and between

Name of Contractor __Weldcraft, Ltd.__

Address __3757 N. Oketo Avenue__
__Chicago, Illinois 60634__

Telephone (__773__) __507-6583__

FEIN # __20-1309395__

Please indicate:
__X__ Corporation
___ Partnership
___ Sole Owner
___ Other Specify

(the "Employer") and Local Union No. 1, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO ("Union") as follows:

1. The Employer acknowledges the Union's claim and evidence that the Union represents an uncoerced majority of the Employer's employees in a unit acknowledged and stipulated as appropriate (all Journeymen and Apprentice Iron Workers), and therefore and hereby recognizes the Union as the sole and exclusive collective bargaining agent for all Journeymen and Apprentice Iron Workers now or hereafter employed in the bargaining unit with respect to and for the purpose of establishing rates of pay, wages, hours of employment, fringe benefit contributions and other terms and conditions of employment within the geographical jurisdiction in which the Union is authorized to act or does act as such representative, including Cook, DuPage, Lake and McHenry Counties, Illinois.

2. The Employer agrees to adopt, abide by and be bound by (a) all the terms and provisions of the Collective Bargaining Agreement (hereinafter called the "Principal Agreement") entered into by and between the Union and the Associated Steel Erectors of Chicago (hereinafter called the "Association"), and (b) all matters relating to wages, hours, benefits, terms and conditions of employment set forth in the Principal Agreement with the same force and effect as though the Employer were a signatory to the Principal Agreement and as though the Principal Agreement were fully set forth herein, and the Employer also agrees to adopt, abide by and be bound by all extensions, renewals, modifications and amendments of the Principal Agreement and all Agreements successor and or subsequent to the Principal Agreement between the Association and the Union provided, additionally, that if the Principal Agreement, any extension, renewal, modification, amendment thereof, or any successor and or subsequent Agreement is, or will be, modified or amended by Court Decree N.Y.R.B. Order, or other legal authority, the Employer agrees to adopt, abide by and be bound by such modification or amendment.

3. The Employer agrees to pay the amounts of the contributions which it is bound to pay to the several fringe benefit funds described in the Association Agreements, including but not limited to those referred to, and agrees to and is hereby bound by and considered to be a party to the Agreements and Declarations of Trust, creating each of said trust funds, together with any restatements or amendments thereto which have been or may be adopted, as if it had been a party to and signed the original copies of the trust instruments. The Employer ratifies and confirms the appointment of each of the Employer Trustees who shall, together with their successor trustees designated in the manner provided in said Agreements and Declarations of Trust and, where applicable, jointly with an equal number of trustees representing employees, carry out the terms and conditions of the trust instruments. The funds referred to include but are not limited to:

(a) The Agreement and Declaration of Trust dated March 1, 1951 and all present and subsequent amendments thereto of the Structural Iron Workers' Local No. 1 Welfare Fund;

(b) The Agreement and Declaration of Trust dated January 30, 1957 and all present and subsequent amendments thereto of the Iron Workers' Mid-America Pension Plan and the Agreement and Declaration of Trust dated August 24, 1968 and all present and subsequent amendments thereto of the Structural Iron Workers' Local No. 1 Pension Fund Trust;

(c) The Agreement and Declaration of Trust dated August 4, 1958 and all present and subsequent amendments thereto of the Iron Workers' Local No. 1 Apprentice Training Program Trust;

(d) The Agreement and Declaration of Trust and all present and subsequent amendments thereto of the Structural Iron Workers' Local No. 1 Annuity Trust Fund;

(e) The following Agreements and any Trust Declarations, as well as all amendments thereto of: the National Iron Workers' Apprentice Fund; the Associated Steel Erectors Industry Promotional Fund; the Institute of the Ironworking Industry Fund; the Chicagoland Safety Council Fund; the Local No. 1 Building Fund; the Local No. 1 Organizational Fund; the Local No. 1 Scholarship Fund; the Local No. 1 Work Assessment and the Iron Workers' Political Action League.

1



EXHIBIT
A

04/20/2005  11:45   1-773-378-6922   PAGE 01

06/06/2008 10:42 FAX 17083666691          IWLOCAL#1                                                     ☑003/003

Sent By: IRON WORKERS LOCAL 1;           7083688895;           Apr-19-05  3:00PM;          Page 3

## Bridge, Structural and Reinforcing Iron Workers, Local Union #1

4. This Compliance Agreement shall remain in effect and shall be governed by Principal Agreements entered into in the future and covering future time periods unless and until it has been terminated by either party giving written notice of termination to the other at least four (4) months prior to the termination date of the applicable Principal Agreement, in which event this Agreement shall terminate on the last day of the then applicable Principal Agreement. In the event no such timely notice is given, this Agreement shall remain in effect until terminated in accordance with its terms. Any such notice as hereinabove provided for in this article, whether specifying a desire to terminate or to change at the end of the current contract year, shall have the effect of terminating this Agreement at such time.

Copies of this Agreement can be obtained at the Union Hall.

DATED: April 19, 2005        ACCEPTED: 4-19-2005

Weldcraft, LLC
(Name of Company)

LOCAL UNION NO. 1
INTERNATIONAL ASSOCIATION OF
BRIDGE, STRUCTURAL, ORNAMENTAL
AND REINFORCING IRON WORKERS,
AFL-CIO

By: T. Staufkieszer        By: Danny Caliendo
President                     Business Agent
(Title of Office)             (Title of Office)

3757 N. Oketo Ave.
(Street Address)

Chicago, IL 60634
(City, State, Zip)

773-507-6533
(Phone Number)

2

08CV3514
JUDGE NORGLE
MAGISTRATE JUDGE COLE
AEE

## ASSOCIATED STEEL ERECTORS OF CHICAGO/IRON WORKERS LOCAL NO. 1
## JOINT ARBITRATION BOARD

BRIDGE, STRUCTURAL AND REINFORCING )
IRON WORKERS, LOCAL UNION NO. 1, )
                               )
       Petitioner, )
                               )
   v. )
                               )
WELD-CRAFT, LTD., )
                               )
       Respondent. )

### ARBITRATION DECISION AND AWARD

This cause, coming to be heard December 4, 2007 on Petitioner, Bridge, Structural and Reinforcing Iron Workers, Local Union No. 1's ("Iron Workers, Local 1") grievance and demand for arbitration against Respondent, Weld-Craft, Ltd., the Joint Arbitration Board, having jurisdiction to hear this dispute, both parties having been given notice and having been given a full opportunity to present all relevant matters to the Board:

THE JOINT ARBITRATION BOARD FINDS:

    1.     On April 19, 2005, Weld-Craft, Ltd. entered into a Compliance Agreement with Iron Workers, Local 1, in which Weld-Craft, Ltd. agreed to be bound to the terms and provisions of the collective bargaining agreement entered into by and between the Associated Steel Erectors of Chicago, Illinois and Iron Workers, Local 1 (the "Principal Agreement") and any extension, renewal, modification, amendment thereof, or any successor and/or subsequent Agreement.

    2.     In April, 2005, in lieu of a Wage and Welfare Bond as required under Section 32 of the Principal Agreement, Weld-Craft, Ltd. deposited a check in the amount of $20,000 with the Structural Iron Workers, Local Union No. 1 Pension Fund, Fund Disbursement Office.



EXHIBIT B

3. From approximately October 25, 2007 to the present, Weld-Craft, Ltd. has been performing work covered under the Principal Agreement at a job site located at 3500 North Lincoln Avenue, Chicago, Illinois.

4. Weld-Craft, Ltd. has failed to employ members of Iron Workers, Local 1 to perform the above-described work covered by the Principal Agreement at this job site which is within the jurisdiction of Iron Workers, Local 1.

5. Weld-Craft, Ltd. has been employing four employees to perform work under the Principal Agreement at the above-referenced job site who are not members of Iron Workers, Local 1 and who are not paying dues and fees as required under Section 1 of the Principal Agreement.

6. Weld-Craft, Ltd. has failed to notify the Union in writing of the names, addresses and date of hire of each employee hired at the above-referenced job site as required by Section 1 of the Principal Agreement.

7. Weld-Craft, Ltd. is found to be in violation of Section 1 of the Principal Agreement for work being performed at 3500 North Lincoln Avenue.

8. On or about May 9, 2006, Weld-Craft, Ltd. was advised by the Structural Iron Workers Local Union No. 1 Pension Fund, Fund Disbursement Office that Weld-Craft, Ltd. owed delinquent contributions, liquidated damages, interest and audit fees in the amount of $10,164.76 for the period of April 1, 2005 through December 1, 2005 and for the month of February, 2006. As a result, on or about May 16, 2006, the Fund deducted the amount owed from $20,000 Weld-Craft, Ltd. had on deposit with the Fund in lieu of a Wage and Welfare Bond, as required under Section 32 of the Principal Agreement.

9. Weld-Craft, Ltd. has been employing more than two employees to perform work under the Principal Agreement at the above-referenced job site.

10. Weld-Craft, Ltd. is found to be in violation of Section 32 of the Principal Agreement for failure to maintain a Wage and Welfare Bond in the amount of $20,000.

IT IS HEREBY ORDERED:

1. Weld-Craft, Ltd. is ordered to obtain a Local Wage and Welfare Bond in the amount of $20,000 or deposit a minimum of $20,000 with the Fund Disbursement Office in lieu of a bond;

2. Weld-Craft, Ltd. is hereby ordered to pay to Iron Workers, Local 1 a total of $8,931.83 in wages and fringe benefits and $1,786.37 in penalties as damages for its violation of Section 1 of the Principal Agreement at the job site at 3500 North Lincoln Avenue, Chicago, Illinois; and,

3. Weld-Craft, Ltd. shall pay all costs, including any and all reasonable attorneys' fees and costs incurred by Iron Workers, Local 1 and the Joint Arbitration Board to enforce or defend this decision and award.

JOINT ARBITRATION BOARD

By: *Robert Boskovich*
Robert R. Boskovich, Chairman

Date: December 4, 2007

06/03/2008 15:27 FAX  17083666691      IWLOCAL#1    Case 1:08-cv-03514  Document 1-4  Filed 06/19/2008  08CV3514  JUDGE NORGLE  MAGISTRATE JUDGE COLE  AEE   ☒005/009

01/10/2008 17:53 FAX  17083666691      IWLOCAL#1                                                    ☒002/002

01/08/2008  23:13    3126090626                                                          PAGE  02/02

LAW OFFICES
## LEON ZELECHOWSKI, LTD.
111 WEST WASHINGTON STREET
SUITE 1051
CHICAGO, ILLINOIS 60602

(312) 609-0022
FAX (312) 609-0626

January 9, 2008

**BY FACSIMILE**
James Gardiner
Bridge Structural and Reinforcing
Iron Workers Local Union #1
7720 Industrial Drive
Forest Park, Illinois 60130

Re: **Joint Arbitration Decision**

Dear Mr. Gardiner:

We represent Weld Craft, Ltd in this matter. In an effort to comply with the December 7, 2007 Decision and Award our client will be able to pay the sum of $10,718.20 in three monthly installments of $3,572.74 each. The first installment would be due on or before January 14, 2008, the second on or before January 28, 2008 and the third and final installment on February 4, 2008.

Please confirm that this payment schedule will satisfy the requirements set forth in the Decision by signing and returning this letter to us by fax and regular mail.

Very truly yours,

*Michael Shacter*

Michael Shacter

Accepted: *James Gardiner*
James Gardiner

Dated: 1-10-2008

**EXHIBIT C**